*United States District Court*

__MIDDLE__ DISTRICT OF __ALABAMA__

UNITED STATES OF AMERICA

v.

DAWIE GROENEWALD

CRIMINAL COMPLAINT

CASE NUMBER: 2:10mj5-CSC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Beginning from a date unknown but no later than 2008 and continuing until October 10, 2009, in South Africa and elsewhere, the defendant did, (Track Statutory Language of Offense)

knowingly and willfully, with intent to defraud the United States, smuggle, and clandestinely introduce and attempt to smuggle and clandestinely introduce into the United States, any merchandise which should have been invoiced and make out and pass and attempt to pass through the customhouse any false, forged, and fraudulent invoice, and other documents and paper,

in violation of Title ___18___ United States Code, Section(s)___545___

I further state that I am a(n) Special Agent with U.S. Fish & Wildlife Service and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

JANUARY 29, 2010                        at    MONTGOMERY, ALABAMA
Date                                          City and State

CHARLES S. COODY, U.S. MAGISTRATE JUDGE   _____
Name & Title of Judicial Officer                 Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Carl R. Wilson, Special Agent for the United States Fish and Wildlife Service, after being duly sworn, declare as follows:

### I. INTRODUCTION

1. I am a Special Agent ("SA") of the United States Fish and Wildlife Service ("USFWS" or "Service"), Office of Law Enforcement, and am therefore an "investigative or law enforcement officer..." of the United States within the meaning of Title 16, United States Code, Section 3375. As such, I am a Federal Law Enforcement Officer within the meaning of Rule 41(a), Federal Rules of Criminal Procedure. I have been so employed for approximately 16 years. Prior to my current position, I was employed as a State Game Warden of the Texas Parks and Wildlife Department for approximately 11 years.

2. This affidavit is in support of a criminal complaint charging Dawie Groenewald with various crimes related to the smuggling of protected wildlife, specifically a Leopard (_Panthera pardus_) in violation of federal law.

### II. Legal Background

1. The United States has ratified a treaty known as the Convention on the International Trade in Endangered Species of Wild Fauna and Flora ("CITES"). Under CITES, codified at 16 U.S.C. § 1538, et. seq., species are protected according to a classification system known as "appendices." Wildlife species listed in Appendix I of CITES (such as the leopard) are species that are threatened with extinction and that are, or may be affected by trade. This regulation takes the form of particularly strict requirements for documentation from the country of export or re-export and the country of import as well as monitoring of trade, and national export quotas.

2.  **Leopard Protected Status**

Since 1975, the leopard (<u>Panthera pardus</u>) has been listed as threatened (in the area in question) under U.S. law and on Appendix I of the international CITES treaty. This classification requires that leopard parts (including skins and skulls from sport hunts) crossing any international boundary must be accompanied by a valid import permit issued by the receiving country and a valid export permit (or re-export certificate) from the exporting country. Importation of leopard parts without such documentation, or with false or fraudulent documents, is contrary to CITES and violates the implementing statute and regulation (ESA and Title 50 of the CFR), and by extension, the anti-smuggling statute, 18 U.S.C. § 545, which is charged in this case.

3. **Title 18, United States Code, Section 545 makes it unlawful for anyone who knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law.**

### III. FACTS ESTABLISHING PROBABLE CAUSE

1.  On October 16, 2009, U.S. Fish and Wildlife Service (USFWS) Wildlife Inspector (WI) Michael Martynenko was advised of a shipment of game trophies being imported into the United States from South Africa. WI Martynenko inspected the shipment at the Fauna and Flora bonded warehouse in Jamaica, New York, within the Eastern Judicial District of New York. The shipment contained a total of six animals, including one leopard and was consigned to Glenn Davey in Kyle, Texas.

2. WI Martynenko reviewed that CITES documents that were presented with the shipment and noted that under block 5 (Special Conditions) of the U.S. import CITES permit a special condition stated "trophy must have been taken during the 2006 hunting season." WI Martynenko examined the South Africa CITES export permit and noticed that under block 5 of that permit the leopard tag number was "ZA PAR 2008000028" indicating that the leopard was killed and tagged in 2008.

3. On January 22, 2010, USFWS Resident Agent in Charge (RAC) David Hubabrd received information from Mr. S. P. Coetzee of the Environmental Compliance and Enforcement Division of the Limpopo Provincial government of South Africa concerning the possible illegal export of a leopard. Mr. Coetzee provided a permit application submitted by Dawie Groenewald for the export a leopard that was killed by Glenn Davey of Kyle, Texas in 2008. Mr. Coetzee stated that he had checked the South African border crossing information and found that Glenn Davey was last in South Africa in 2006 and had not entered the country since. Mr. Coetzee also provided a "South African Professional Hunting Register and Trophy Export Application" that was submitted to the Limpopo provincial government by Dawie Groenwald in order to obtain a permit for export of sport hunted trophies. The register showed that the hunt commenced on October 27, 2008, and ended on November 03, 2008. The client was listed as Glen Davey of Kyle, Texas and listed D. Groenewald as the outfitter. The register was signed and dated by both Dawie Groenewald and Glen Davey and listed a total of four animals, including one leopard.

4. On January 23, 2010, I interviewed Glenn Davey at his residence in Kyle, Texas. Davey stated that he booked a leopard hunt with Out of Africa Adventurous Safaris in

2006 after meeting Dawie Groenewald and his brother at a Safari Club International (SCI) show. Davey stated that he paid Dawie Groenewald $36,000 for the safari. Davey traveled to South Africa in July 2006 for the hunt with his wife and kids and during that hunt he killed a leopard along with several other game animals killed by him and his family. Davey provided me with a copy of a photograph of his family with the leopard that was date stamped "18Jul06." Davey further stated that he has not been back to South Africa since the 2006 hunt.

5. Davey was shown the hunting register and permit application that were used by Dawie Groenewald to obtain the South African CITES permit and stated that he had never seen any of those documents before. Davey and his wife examined the signature under his name on the hunting register and stated that the signature was not his and was a forgery.

6. Undercover officers with the Alabama Wildlife and Freshwater Fisheries Department have confirmed through surveillance and undercover contacts as late as this afternoon that Dawie Groenewald is presently in Autauga County, in the Middle District of Alabama, visiting his brother, where the two are hunting. Groenewald's brother told an undercover officer that Groenewald is scheduled to depart from Montgomery Regional Airport this afternoon. Customs and Border Protection has confirmed through Delta Airlines that Groenewald has booked a flight at 3:55 pm today bound to Johannesburg, South Africa and then to Spain.

6. Based upon the foregoing, your Affiant has probable cause to believe that Dawie Groenewald violated the following federal laws: Title 16, United States Code, Section 1538(c)(1) and Title 50, Code of Federal Regulations, Part 23.13(a), Title 18 United

States Code, Section 545. Pursuant to 18 U.S.C. § 3238, because this offense began or was committed upon the high seas, and elsewhere out of the jurisdiction of any particular Sate or district, the trial of the offense shall be in the district in which the offender is arrested or first brought.

_____
Special Agent Carl Wilson
USFWS/Office of Law Enforcement

Subscribed and sworn to before me,
this 28th day of January, 2010

_____
United States Magistrate Judge