IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:10-cr-20-MEF |
| | ) | |
| DAWIE GROENEWALD | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:            SUSAN G. JAMES, Esq.

ASSISTANT U.S. ATTORNEY:    MONICA A. STUMP

### COUNTS AND STATUTES CHARGED:

Count 1     <u>18 U.S.C. §§ 2, 545</u>
                Aiding and Abetting Smuggling

Count 2     <u>16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(A)</u>
                <u>18 U.S.C. § 2</u>
                Aiding and Abetting Lacey Act Import/Export Trafficking Violation

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 2     <u>16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(A)</u>
                <u>18 U.S.C. § 2</u>
                Aiding and Abetting Lacey Act Import/Export Trafficking Violation

### PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1     <u>18 U.S.C. §§ 2, 545</u>
                A term of imprisonment not to exceed 20 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

Count 2     <u>16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(A)</u>
                <u>18 U.S.C. § 2</u>
                A term of imprisonment not to exceed 5 years, a fine not to exceed $250,000,    or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

### ELEMENTS OF THE OFFENSE:
To support a conviction under 16 U.S.C. §§ 3372(a)(4), 3373(d)(1)(A), the Government must

prove:
(1) the wildlife was taken, possessed, transported or sold in violation of some valid, wildlife-related, underlying law or regulation;
(2) the defendant knew the wildlife was taken, possessed, or transported in some illegal manner; and
(3) the defendant knowingly imported or exported the wildlife, or attempted to do so.

The Government must also show under 18 U.S.C. § 2 (1) that the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or (2) that the Defendant aided and abetted another person by willfully joining together with that person in the commission of a crime.

With the authorization of the defendant, the parties to this action have entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment. As a result of those discussions, the parties have reached a Plea Agreement. This Plea Agreement is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (c)(1)(C), and both the Government and the defendant understand that, in accordance with that Rule, if the Court should decide not to follow the terms of the Plea Agreement, the defendant will have the right to withdraw his plea of guilty.

The specific terms of the Plea Agreement are as follows:

## GOVERNMENT'S PROVISIONS

1. Except as expressly stated in this Plea Agreement, the Government reserves the right to take a position on any issue relating to sentencing.

2. The Government agrees with the defendant that a two-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, and if the defendant's offense level is sixteen or more and should the Government find that the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government

and this Court to allocate their resources efficiently, the Government agrees to move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met his obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1(b) is at the sole discretion of the United States. The Government's obligation under this paragraph should become null and void if, between the date of this agreement and the date of sentencing, defendant obstructs justice, commits any new federal or state offenses, or otherwise fails to accept responsibility for the offense.

3. The Government agrees with the Defendant that if the resultant Guideline calculation, after all enhancements and reductions, results in a sentence within Zone A, a sentence of eight days imprisonment and two months home incarceration and/or home detention, or time served, whichever is greater, is appropriate; but if the resultant Guideline calculation falls within any other Zone, the Government agrees with the Defendant that a sentence at the lowest end of the Guidelines is appropriate.

4. The Government agrees with the Defendant to a fine of $30,000 written to the Lacey Act Reward Account. If this fine amount is above the resultant Guideline fine calculation, the Government agrees with the Defendant to jointly move at sentencing for an upward variance on the fine amount.

5. The Government agrees to move at sentencing to dismiss Count 1 of the Indictment.

6. The Government reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

7. If Defendant pleads guilty and is sentenced on Count 2 of the Indictment, the Government further agrees not to pursue any other criminal charges against the defendant stemming from the facts supporting his conviction in this case.

## DEFENDANT'S PROVISIONS

8. Defendant agrees to plead guilty to Count 2 of the Indictment.

9. Defendant agrees with the Government that if the resultant Guideline calculation, after all enhancements and reductions, results in a sentence within Zone A, a sentence of 8 days imprisonment and two months home incarceration and/or home detention, or time served, whichever is greater, is appropriate; but if the resultant Guideline calculation falls within any other Zone, the Defendant agrees with the Government that a sentence at the lowest end of the Guidelines is appropriate.

10. Defendant agrees with the Government to a fine of $30,000 written to the Lacey Act Reward Account. If this fine amount is above the resultant Guideline fine calculation, Defendant agrees with the Government to jointly move at sentencing for an upward variance on the fine amount.

11. Defendant further agrees not to commit any other federal, state, or local offense while awaiting sentencing. The determination of whether the defendant's conduct is a violation of this provision is at the complete discretion of the Government.

12. Should the defendant complete his obligations contained within the Cooperation Agreement as set forth below, the Government will agree to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e), or Fed. R. Crim. P. 35, to reflect the defendant's substantial assistance. The Government specifically agrees to file a motion for a downward departure at sentencing to reduce the defendant's offense level by <u>at least 2 levels</u> pursuant to U.S.S.G. § 5K1.1 and Title 18, United

States Code, Section 3553(e) based on the defendant's cooperation to date and if he otherwise abides by his obligations under the Cooperation Agreement. Determination of whether the defendant has met his obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) is at the sole discretion of the United States. Determination of whether to file a motion for a downward departure pursuant to Rule 35, and if a departure is filed, the level of that departure, is at the complete discretion of the Government.

13. Defendant agrees to pay restitution to Alfred Glenn Davey in an amount to be determined at sentencing.

14. <u>Waiver of the Defendant's Right to Appeal or Collaterally Attack the Sentence.</u>

   a. *Defendant's Waiver.* By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any and all of his rights under 18 U.S.C. § 3742 to appeal the sentence in this case. The defendant specifically waives his right to appeal the sentence on the grounds that the Sentencing Guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives his right to appeal the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and waives the right to attack the sentence in any post-conviction proceeding.

   b. *Exceptions.* This waiver does not include (and the defendant expressly reserves) the right to appeal or collaterally attack his sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct. The defendant is released from this waiver if the Government files an appeal under 18 U.S.C. § 3742(b).

5

c. *No Waiver by Government.* Nothing in this Plea Agreement affects the Government's right and/or duty to appeal the sentence imposed in the case, as set forth in 18 U.S.C. § 3742(b). Nor does the Government waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.

## COOPERATION AGREEMENT

15. Defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement does not require the defendant to implicate any other particular individual or individuals to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available, if required, for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government.

a. The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees, if desired by the Government, to travel with agents outside the Middle District of Alabama to identify others involved in criminal organizations, locations and/or residences of others involved, or any other information related to others involved in fraudulent activity. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

b.  Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation, concerning related offenses, will not be used against the defendant, directly or indirectly. The defendant understands this agreement does not bar the defendant's prosecution for capital felonies, perjury, false statements, and/or obstruction of justice.

c.  If the defendant has failed or should fail in any way to fulfill completely or comply with the defendant's obligations under the plea agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant, without the defendant being allowed to withdraw the guilty plea. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencing hearings the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; (5) to seek forfeiture of any and all forfeitable properties of the defendant; (6) to seek forfeiture of any appearance bond made by the defendant if the defendant fails to appear in the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents; and (7) to prosecute the defendant for the defendant's

failure to appear at any scheduled court appearance, pursuant to 18 U.S.C. § 1073 or any other applicable state or federal criminal statute. The parties agree that the Government will have the sole discretion to decide whether the defendant has breached this agreement.

## FACTUAL BASIS

16. The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charges to which the plea is offered involves proof that the defendant committed the crime of Lacey Act Import/Export Trafficking Violation:

a. Beginning from a date unknown but no later than July 18, 2006, and continuing until October 10, 2009, in South Africa and elsewhere, DAWIE GROENEWALD, did knowingly aid and abet in the importation and exportation of a wildlife, that is a leopard trophy (Panthera pardus), in foreign commerce from South Africa to the United States, in that he placed the leopard trophy into the hands of a custom broker for exportation to the United States and knowing that he had not obtained a valid CITES export permit for the leopard from the provincial government in Polokwane, Limpopo Province, South Africa. Groenewald did so, knowing that the leopard trophy was taken or killed in July 2006 when Groenewald knew he did not have a hunting right to present, organize, and conduct a leopard hunt, a violation of and in a manner unlawful under the laws and regulations of South Africa, specifically the Limpopo Environmental Management Act, Act No. 7 of 2003, Section 51(1), which holds that "A hunting-outfitter may not present, advertise, organise, or conduct the hunting of a wild or alien animal for a client unless the hunting-outfitter is the holder of hunting-rights on the land on which the hunting is presented, advertised, organised or conducted or is authorised by the [Member of the Executive Council of the Province responsible for environmental affairs] in writing, to present a hunt of specific wild or alien animals." All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A) and Title 18, United States Code, Section 2.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

17. After conferring with his attorney, and before entering a plea of guilty as to Count 2, the defendant advises the Court that he understands the following to be true:

    a. The defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and cross-examine witnesses against him, the right to call witnesses on his behalf, and the right not to be compelled to incriminate himself. By entering a plea of guilty, the defendant waives all of those rights, and there will be no trial of any kind in this case.

    b. In entering a plea of guilty herein, the Court may ask the defendant questions about the offense to which the plea is entered. Evidence of a plea of guilty later withdrawn, an offer to plead guilty to the crime charged in the Indictment, or statements made in connection with and relevant to a guilty plea are not admissible in any civil or criminal proceedings against the defendant, except in a criminal proceeding for perjury or false statement, and only if the defendant makes a false statement under oath, on the court record, and in the presence of counsel.

    c. In entering a plea of guilty herein, the defendant further recognizes that his immigration status with the U.S. Department of Homeland Security, Immigration and Customs Enforcement may be affected and he may face administrative removal or deportation from the United States.

    d. The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level and the defendant's criminal history, as well as any relevant conduct related to the offense to which the plea is offered. The offense level and criminal history category calculated by the Probation Officer, as well as those ultimately determined by the

Court, may differ from each other, or from what is projected by defendant's counsel or the Government.

e. At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the defendant's Guidelines offense level, criminal history category, and sentence. For that purpose, the Court may consider any reliable evidence, including hearsay.

f. The Court is not bound to accept the terms of this Plea Agreement. If the Court rejects this Plea Agreement, the defendant will be given an opportunity to withdraw his plea. If the defendant does not withdraw his plea at that time, the Court may dispose of the case either more favorably or less favorably toward the defendant than this Plea Agreement contemplated.

g. In determining the particular sentence to impose, the Court will consider the United States Sentencing Guidelines, as well as all of the factors listed in Title 18, United States Code, Section 3553(a).

h. The maximum penalty allowed by law for conviction of the offense charged in Count 2 of the Indictment is no more than 5 years in prison, a $250,000 fine, or both the fine and the imprisonment; 3 years on supervised release; and restitution to any victims of the offense.

i. There is no possibility of parole in the federal prison system, and the defendant will likely serve all or substantially all of his prison sentence.

j. If the Court imposes a fine in this case, the defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United States Attorney's Office. To that end, the defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the defendant's assets and liabilities as of the date of the offense. The

defendant further understands that by completing the financial statement, he is representing that it is true and accurate to the best of his information, knowledge, and belief.

    k.    Pursuant to 18 U.S.C. § 3013, the defendant will be ordered at sentencing to pay an assessment fee of $100.00, which will be due and payable to the Court immediately.

    l.    This Plea Agreement is the result of prior discussions between the attorney for the Government and the attorney for the defendant. Those discussions were all conducted with the defendant's authorization, knowledge, and consent.

    m.    This Plea Agreement and the plea to be entered by the defendant as a result thereof are voluntary and are not the result of any force or threats, or of any promises apart from what has been expressly agreed upon in this Plea Agreement itself.

## REPRESENTATIONS OF THE PARTIES

18.    The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended.

19.    The attorney for the defendant represents to the Court that he has advised the defendant on all of the contents of this Plea Agreement, including specifically all of the provisions listed in Paragraph 17 herein, and he is satisfied the defendant adequately understands all of the contents of this Plea Agreement.

This 31st day of March, 2010.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Monica A. Stump
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7560
Email: monica.stump@usdoj.gov

Louis V. Franklin, Sr., Chief
Criminal Division

I have read the Plea Agreement, understand the same, and agree that it accurately states both the representations that have been made to me and the conditions of the agreement that has been reached. I am satisfied that my attorney, Susan G. James, Esq., has represented my interests in this matter competently and effectively. IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

_____  2010-03-31
DAWIE GROENEWALD  Date
Defendant

_____  3-31-10
SUSAN G. JAMES, Esq.  Date
Attorney for the Defendant

13